**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

February 1, 2013

LETTER TO COUNSEL:

RE:   *Shirley D. Smith v. Michael J. Astrue, Commissioner, Social Security Administration*;
      Civil No. TJS-10-1917

Dear Counsel:

    This matter is before me by the parties' consent. (ECF Nos. 2, 5). On July 16, 2010, Plaintiff Shirley D. Smith petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 23). I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons that follow, I will deny both motions and remand this case for further proceedings in accordance with this opinion.

    Ms. Smith applied for SSI and DIB on July 20, 2007, alleging disability commencing July 18, 2007. (Tr. 12, 92-94, 122-124). Ms. Smith's claim was denied initially on September 13, 2007, and upon reconsideration on January 30, 2008. (Tr. 45-50, 55-56). A hearing was held on March 9, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 20-44). Following the hearing, on June 10, 2009, the ALJ determined that Ms. Smith was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-19). The Appeals Council denied Ms. Smith's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ evaluated Ms. Smith's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Ms. Smith was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since July 18, 2007. (Tr. 14). At step two, the ALJ found that Ms. Smith suffered from osteoporosis, essential tremor, hypertension, hypothyroidism, and anxiety, all of which were found to constitute severe impairments. (Tr. 14). At step three, the ALJ found that Ms. Smith's impairments, separately and in combination, failed to meet or equal in severity any listed impairment. (Tr. 15).

    The ALJ then determined that, despite Ms. Smith's severe impairments, she retained the residual functional capacity ("RFC") to:

> lift and carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours and sit for 6 hours in an 8-hour workday. The claimant can perform tasks requiring no more than frequent fingering and grasping and unskilled work activities with simple, short instructions.

(Tr. 16-17).

At step four, the ALJ determined that Ms. Smith "is capable of performing past relevant work as a fast food worker and as a salesperson at Wal-Mart," and that these jobs were compatible with her RFC. (Tr. 18).

Ms. Smith presents several arguments on appeal. First, Ms. Smith contends that the ALJ's assessment of her RFC failed to take into account all of her limitations and is not supported by substantial evidence. (ECF No. 15-1 at 6). Second, Ms. Smith argues that the ALJ erroneously relied on the testimony of the vocational expert ("VE") because the hypothetical questions posed did not include all of Ms. Smith's limitations. (ECF No. 15-1 at 11). Third, Ms. Smith argues that the ALJ erred in determining that she was capable of performing her past relevant work because the ALJ failed to set forth his findings of fact concerning the demands of Ms. Smith's past relevant work. (ECF No. 15-1 at 15).

After careful review of the ALJ's opinion and the evidence of the record, I conclude that the ALJ's finding that Ms. Smith is capable of performing past relevant work is not based on substantial evidence, and otherwise misapplies the proper legal standards. The ALJ stated that "[b]ased on the testimony of the vocational expert," Ms. Smith "retains the ability to perform her past relevant work as a salesperson at Wal-Mart and as a fast food worker as those jobs are generally performed in the national economy." (Tr. 19). The ALJ summarized the testimony of the VE as follows:

> Mr. Robert Lester, an impartial vocational expert, testified the jobs of salesperson at a store such as Wal-Mart and fast food worker are generally performed as "light/unskilled" work in the national economy. He also testified that given the claimant's age, education and residual functional capacity, she would be capable of performing the work as a salesperson and fast food worker as those jobs are generally performed in the national economy.

(Tr. 19).

The ALJ mischaracterizes the VE's testimony. The VE testified that his testimony was not "based on any assumptions other than the hypotheticals" provided by the ALJ. (Tr. 44). The only hypothetical questions provided by the ALJ concerned (1) tremors in a person's hands and the effect on an ability to engage in fine fingering skills, (2) the frequency that a person in Ms. Smith's past relevant work would have to engage in fine fingering skills, and (3) the extent to which a person with fatigue might be precluded from maintaining employment due to regular absences from work. The VE was not asked to consider the "claimant's age, education and residual functional capacity" in his testimony. (Tr. 19). In addition, the VE did not testify that Ms. Smith "would be capable of performing the work as a salesperson and fast food worker."

(Tr. 19). Nonetheless, the ALJ relied on each of these opinions (that were not offered by the VE) in finding that Ms. Smith is capable of performing past relevant work.

Because the ALJ relied on testimony that was not, in fact, offered by the VE, remand is warranted for an adequate and accurate consideration of Ms. Smith's claim. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Smith was ineligible for benefits was correct or incorrect. While I have not reached each of Ms. Smith's arguments on appeal, in further proceedings the ALJ should ensure that a careful explanation is offered for the RFC findings, and that the RFC findings take into consideration all of Ms. Smith's limitations. In addition, while the ALJ is in the best position to evaluate the credibility of a claimant, statements such as "the claimant's testimony at the hearing was evasive at times" (Tr. 18) should be more fully explained so that a reviewing court is capable of understanding how a claimant's testimony was evasive. From the transcript of the hearing itself, it is unclear how, and on which topics, the claimant's testimony was found to be evasive.

For the reasons set forth herein, Ms. Smith's motion for summary judgment (ECF No. 15) and the Commissioner's motion for summary judgment (ECF No. 23) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge